UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                     Case Nos. 17-20485

DULANTE HARRIS,                                          HON. AVERN COHN

    Defendant/Petitioner.
_____/

# MEMORANDUM AND ORDER
# DENYING MOTION UNDER 28 U.S.C. § 2255 (Doc. 30)
# AND
# DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

## I. Introduction

This is a criminal case. Defendant/Petitioner, Dulante Harris, proceeding pro se, has filed a motion vacate his sentence under 28 U.S.C. § 2255 contending that his conviction for car jacking does not qualify as a predicate "crime of violence" to support his conviction under 18 U.S.C. § 924(c) after the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Harris also argues that his counsel was ineffective for failing to ask for a stay given the Supreme Court's decision in Dimaya and that his plea agreement is void. The government contends that the motion lacks merit. For the reasons that follow, the motion will be denied for lack of merit.[1]

___

[1]A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing," at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, a court may deny a motion under section 2255 "without conducting an evidentiary hearing [where] 'the motion and the files and records of the case conclusively show that [the petitioner] is entitled to no relief.'" Cole v. United States, No. 17-6061,

II.  Background

In the evening in July 2017 Harris and a second gunman ambushed two teenaged girls who were sitting in a 2017 Dodge Charger.  Harris pointed a gun at the young women and ordered them out of the car.  The victims exited the vehicle out of fear for their lives.  The assailants entered the Charger and fled the scene.  The victim driver contacted her father and then reported the carjacking to the police.  The next day, law enforcement observed Harris driving the carjacked Dodge Charger. Harris pulled the car into the driveway of a vacant house and then walked to a nearby residence.  The police approached Harris as he sat on the front porch of that home. Harris ran but was found hiding under clothing in a basement closet.  Harris was arrested and the closet was searched.  In the closet, the police found the key fob and vehicle registration for the carjacked Charger.  Police also located a semi-automatic handgun inside the home. Harris was subsequently picked out of a lineup by the victim driver.

Harris was charged with carjacking and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2119 and 924(c).  Harris plead guilty plea as charged under a Rule 11 Agreement.  Harris was sentenced to 30 days for the carjacking followed by eighty-four (84) months imprisonment for the use of the firearm. Harris did not appeal.   Harris then filed the instant motion under § 2255.

III.  Legal Standards

28 U.S.C. § 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was

---

2018 WL 4372199, at *2 (6th Cir. Mar. 30, 2018) (quoting 28 U.S.C. § 2255(b) ).  Because the record shows that Harris is not entitled to relief, a hearing is not necessary.

2

> in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

As "[§] 2255 is not a substitute for a direct appeal," Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief, Frady, 456 U.S. at 166. Though non-constitutional errors are generally outside the scope of § 2255 relief, see United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,' " Watson, 165 F.3d at 488 (internal quotation marks omitted) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)). Accordingly, alleged sentencing errors, including the proper application of the guidelines, "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." Jones, 178 F.3d at 796.

Harris has claimed ineffective assistance of counsel which may be raised for the

first time in a § 2255 motion.  Massaro v. United States, 538 U.S. 500, 508–09 (2003).  To establish ineffective assistance of counsel under the Sixth Amendment, Harris must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Harris must first show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687.  A court must afford defense attorneys "wide latitude" and, in analyzing their conduct under the Sixth Amendment, must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689.  Defense counsel are entitled to a "strong presumption" that they made "all significant decisions in the exercise of reasonable professional judgment." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011).

If Harris succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial.  Prejudice requires more than "some conceivable effect on the outcome of the proceeding," Harris must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94.

IV.  Analysis

Harris moves to vacate his sentence in light of Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S.Ct. 1204 (2018).  Johnson held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  In Dimaya, the Supreme Court applied the reasoning of Johnson to the Immigration and Nationality Act and invalidated the residual clause in 18

4

U.S.C. § 16(b). Harris says that under these decisions, his conviction under 18 U.S.C. § 924(c) is invalid.

Section 924(c) makes it illegal to use a firearm during and in relation to a "crime of violence." It defines what qualifies as a "crime of violence" in two ways:

> [A]n offense that is a felony and
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (c)(3)(A), called the elements clause, looks to the elements of the offense and whether the elements involve the use, attempted use, or threatened use of force capable of causing bodily harm. Subsection (c)(3)(B) is called the residual clause and looks to the risk of force posed by the offense. An offense need only satisfy the elements clause or the residual clause to qualify as a predicate crime of violence.

Here, the predicate offense is carjacking. Harris' claim fails because the Sixth Circuit has made clear that carjacking still qualifies as a crime of violence under the elements clause. See United States v. Jackson, ––– F.3d ––––, No. 17-3896/3902, 2019 WL 1122274 (6th Cir. Mar. 12, 2019) (holding that "carjacking constitutes a crime of violence under § 924(c)'s elements clause."). Thus, Harris' conviction under § 924(c) is valid and unaffected by Johnson or Dimaya. Thus, even though the Supreme Court recently held that the residual clause of § 924(c)(3)(B) is vague, see United States v. Davis, No. 18-431, __ U.S. __, (U.S. June 24, 2019), this decision has no effect on

Harris' case because his conviction is valid under § 924(c)(3)(A).

It also follows that Harris cannot prevail on his claim of ineffective assistance of counsel because his underlying claim based on Dimaya lacks merit. See Moore v. Mitchell, 708 F.3d 760, 776 (6th Cir, 2013). The same is true of Harris' claim based on his plea agreement. Because his conviction is valid, his Rule 11 agreement also remains valid.

V.  Conclusion

For the reasons stated above, the motion is DENIED. Further, jurists of reason would not find the Court's ruling debatable. Accordingly, the Court DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(1)(a).[2]  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 6/28/2019
        Detroit, Michigan

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.